HUSSER, Respondent, *v.* BRONSON, Appellant.

(No. 6,666.)

(Submitted October 1, 1930.   Decided October 11, 1930.)

[292 Pac. 585.]

*Mr. H. S. Kline,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. A. F. Lamey,* for Respondent, submitted a brief and argued the cause orally.

·MR. JUSTICE FORD delivered the opinion of the court.

On February 4, 1928, C. R. Bronson and wife executed and delivered to plaintiff their promissory note for $3,165, due two years after date, with interest payable semi-annually, and, to secure the payment of the note, executed and delivered a mortgage upon certain lots in the city of Havre. The interest due on February 14, 1929, was not paid. On March 27, 1929, C. R. Bronson and wife deeded the mortgaged property to Jennie Bronson, of San Francisco, California, who did not agree to pay the note and mortgage. Prior to July 9, 1929, demand had been made upon C. R. Bronson for the payment of the note. The note not having been paid, this action was brought to foreclose the mortgage. The complaint is in the usual form.

Defendant Jennie Bronson answered, admitting the material allegations of the complaint and alleging that on July 9, 1929, she tendered to plaintiff the amount due on the mortgage

sought to be foreclosed, the refusal of plaintiff to accept, and that by reason thereof the lien of the mortgage was released. She also interposed a counterclaim for damages for loss of sale of the property by reason of plaintiff's refusal to accept the tender and satisfy the mortgage. The cause was tried before the court with a jury. At the close of defendant's testimony the motion of plaintiff to dismiss defendant's counterclaim was granted. Special interrogatories were propounded to the jury, and thereafter the court made and filed its findings of fact, conclusions of law and decree in favor of plaintiff, foreclosing the mortgage set forth in plaintiff's complaint, and defendant appeals.

Briefly, the testimony shows the execution and delivery of the note and mortgage and the default in interest payments as alleged. In defense it appears that on July 9, 1929, defendant had negotiated a sale of the mortgaged property to Percy Doles, who delivered his check for the purchase to A. O. Baker; at the same time C. R. Bronson left a deed to the property. The check was to be delivered to Bronson when a satisfaction of plaintiff's mortgage had been secured. At about noon of that day, Baker went to the office of Dr. Husser, husband of plaintiff, and, not finding him in, left a satisfaction of mortgage with Mrs. Lerty, an employee, with instructions that she deliver the same to Dr. Husser, and, when executed, he (Baker) would bring over his check for the amount of principal and interest. Attached to the satisfaction was a slip showing the amount due as he had computed it. Dr. Husser did not return to his office until about 2 o'clock in the afternoon, at which time his attention was called to the papers. When the note and mortgage were executed they were left in the possession of A. F. Lamey, plaintiff's attorney, who had retained possession of them. Dr. Husser instructed Mrs. Lerty to communicate with Lamey for the purpose of verifying the amount due. As a result of the interview with Mr. Lamey, it became necessary for her to examine certain records regarding the first payment of interest which were in a storeroom of the office building. The informa-

tion was not obtained until late in the afternoon. At about 4 o'clock Baker returned to the office of Dr. Husser. There is some conflict regarding statements made at that time by Dr. Husser, but it does appear from Baker's testimony that Dr. Husser did not refuse to accept the amount due upon the note and mortgage. At about 7 o'clock Dr. Husser and Bronson met on the street and had a conversation. Bronson testified, in effect, that Dr. Husser refused to execute the satisfaction; this testimony is denied by Dr. Husser. Shortly thereafter Bronson called on Doles and advised him that the deal was off. Doles asked that Bronson allow the matter to stand until the following day and in the meantime he (Doles) would endeavor to secure a satisfaction. Bronson consented to Doles' request. Doles then requested one Bossuot to communicate with Dr. Husser for the purpose of obtaining a satisfaction of the mortgage. Bossuot called upon Mr. Lamey whom he knew represented plaintiff, and together they called upon Doles. Lamey advised Doles that the satisfaction would be forthcoming as soon as it could be executed. At that time plaintiff was in Glacier Park. The same evening, and between 9:00 and 9:30 o'clock, Bronson went to Baker's office, demanded and received the return of the deed, saying the deal was off, and advised Baker to return the check to Doles, which was done the following day during the noon hour.

It is conceded by defendant that, after the offer of tender was made, plaintiff was entitled to a reasonable time in which to accept or reject the offer. The court found, among other things, that the offer of tender was not refused by plaintiff, and "that said offer of tender was withdrawn by defendant, Jennie Bronson, before plaintiff had had a reasonable opportunity to accept said offer."

The determinative question presented for our consideration is whether the evidence preponderates against the court's finding.

From the brief summary of the evidence it will be noted that the evidence is in sharp conflict. The rule is firmly established in this jurisdiction that the findings of the

244

trial court in an equity case, based upon substantially conflicting evidence, will be sustained on appeal unless the evidence preponderates against them. Here the evidence does not preponderate against, but amply supports, the findings that plaintiff did not refuse the offer of tender, and that defendant Jennie Bronson withdrew the offer of tender before plaintiff had a reasonable opportunity to accept the same.

The conclusion we have reached makes a determination of other questions presented unnecessary.

For the reasons given, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE ANGSTMAN concur.

ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.